UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSANPREET SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX, MCFARLAND DETENTION FACILITY, ET AL.<br><br>Respondents. | No. 1:26-cv-04053-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 4) |

On May 26, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On June 5, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release. (Doc. No. 4.) On the same day, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, the court directed that if respondents opposed a court ruling on the underlying petition based on the briefing currently before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

1

On June 6, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents argued in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 6 at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents alternatively argued that, even if petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), petitioner was not entitled to a pre-deprivation hearing under the Immigration and Nationality Act or its implementing regulations. (*Id.* at 3–4.) Respondents expressed no opposition to the court ruling on the underlying petition based on the current briefing but have submitted a combined response to the pending motion for temporary restraining order and petition for writ of habeas corpus. Accordingly, the court will resolve the petition on the current briefing before the court.

Based upon a review of the briefing and the evidence offered in support thereof, the court finds as follows. On or about June 10, 2023, petitioner entered the United States, encountered immigration authorities, and was subsequently released into this country on an order of his own recognizance. (Doc. Nos. 1-3 at ¶ 4; 6-1 at 3.) On May 9, 2026, petitioner was re-detained by immigration authorities at a routine check-in with immigration authorities in Fresno, California, purportedly because he failed to report in accordance with the conditions of his release on four prior occasions. (Doc. No. 6-1 at 2.)[1]

In light of the evidence that petitioner was previously released by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected.

---

[1] Petitioner alleges that these violations were due to his failure to upload photographs as required by the conditions of his release. (Doc. No. 1-3 at ¶¶ 6–7.) He states that on one occasion he was unable to upload a picture because of a Verizon network outage, but he voluntarily presented himself at an ICE office to explain what happened. (*Id.* at ¶ 6.) On another occasion, petitioner alleges that he forgot to upload a picture. (*Id.* at ¶ 7.) Petitioner contends that other than these isolated incidents, he has complied with the conditions of his release. (*Id.*)

While respondents argue that petitioner was subject to mandatory detention because he violated the conditions of his alternatives to detention release on four occasions (Doc. No. 6 at 1), respondents do not explain how these purported violations compel a different result than that reached by the court in *Ayala Cajina*, where the petitioner even faced criminal charges from several months prior to re-detention by immigration authorities. *See Ayala Cajina*, 2025 WL 3251083, at *1. Accordingly, the court finds that petitioner's prior release in this case gave him a liberty interest in his continued release and concludes, pursuant to the reasoning in *Ayala Cajina*, that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner, Husanpreet Singh, A-File No. 249-102-966, from respondents' custody on the conditions, if any, he was subject to prior to his detention on or about May 9, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting his petition for habeas relief on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE